# EXHIBIT B

### (c) Adoption by reference; exhibits.

Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

#### NOTES OF ADVISORY COMMITTEE ON RULES

The first sentence is derived in part from the opening statement of former Equity Rule 25 (Bill of Complaint—Contents). The remainder of the rule is an expansion in conformity with usual state provisions. For numbered paragraphs and separate statements, see Conn. Gen. Stat. (1930) § 5513; Ill. Rev. Stat. (1937) ch. 110, § 157 (2); N. Y. R. C. P. (1937) Rule 90. For incorporation by reference, see N. Y. R. C. P. (1937) Rule 90. For written instruments as exhibits, see Ill. Rev. Stat. (1937) ch. 110, § 160.

#### CROSS REFERENCES

Captions in motions and other papers, see rule 7 (b) (2).

#### FORMS

See Appendix of Forms.

#### RULES OF THE SUPREME COURT OF THE UNITED STATES

Form of pleadings in original actions in Supreme Court of the United States as governed by Federal Rules of Civil Procedure, see rule 9, this Appendix.

### RULE 11.—SIGNING OF PLEADINGS

Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.

#### NOTES OF ADVISORY COMMITTEE ON RULES

This is substantially the content of former Equity Rules 24 (Signature of Counsel) and 21 (Scandal and Impertinence) consolidated and unified. Compare former Equity Rule 36 (Officers Before Whom Pleadings Verified). Compare to similar purposes, English Rules Under the Judicature Act (The Annual Practice, 1937) O. 19, r. 4, and *Great Australian Gold Mining Co.* v. *Martin, L. R.,* 5 Ch. Div. 1, 10 (1877). Subscription of pleadings is required in many codes. 2 Minn. Stat. (Mason, 1927) § 9265; N. Y. R. C. P. (1937) Rule 91; 2 N. D. Comp. Laws Ann. (1913) § 7455.

This rule expressly continues any statute which requires a pleading to be verified or accompanied by an affidavit, such as:

U. S. C., Title 28 former:
    § 381 (Preliminary injunctions and temporary restraining orders)
    § 762 (Suit against the United States).

U. S. C., Title 28, former § 829 (now § 1927) (Costs; attorney liable for, when) is unaffected by this rule.

For complaints which must be verified under these rules, see Rules 23 (b) (Secondary Action by Shareholders) and 65 (Injunctions).

For abolition of the rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances, see Pa. Stat. Ann. (Purdon, 1931) see 12 P. S. Pa., § 1222; for the rule in equity itself, see *Greenfield* v. *Blumenthal,* 69 F. 2d 294 (C. C. A. 3d, 1934).

#### CROSS REFERENCES

Notary public and other persons authorized to administer oaths required by laws of the United States, see section 92a of Title 5, Executive Departments and Government Officers and Employees.

Signing of motions and other papers, see rule 7 (b) (2).

### RULE 12.—DEFENSES AND OBJECTIONS—WHEN AND HOW PRESENTED—BY PLEADING OR MOTION—MOTION FOR JUDGMENT ON PLEADINGS

### (a) When presented.

A defendant shall serve his answer within 20 days after the service of the summons and complaint upon him, unless the court directs otherwise when service of process is made pursuant to Rule 4 (e). A party served with a pleading stating a cross-claim against him shall serve an answer thereto within 20 days after the service upon him. The plaintiff shall serve his reply to a counterclaim in the answer within 20 days after service of the answer or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs. The United States or an officer or agency thereof shall serve an answer to the complaint or to a cross-claim, or a reply to a counterclaim, within 60 days after the service upon the United States attorney of the pleading in which the claim is asserted. The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; (2) if the court grants a motion for a more definite statement the responsive pleading shall be served within 10 days after the service of the more definite statement.

### (b) How presented.

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion

asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(c) Motion for judgment on the pleadings.**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(d) Preliminary hearings.**

The defenses specifically enumerated (1)—(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

**(e) Motion for more definite statement.**

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

**(f) Motion to strike.**

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

**(g) Consolidation of defenses.**

A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted, except as provided in subdivision (h) of this rule.

**(h) Waiver of defenses.**

A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 15 (b) in the light of any evidence that may have been received. As amended Dec. 27, 1946, effective March 19, 1948.

NOTES OF ADVISORY COMMITTEE ON RULES

*Note to Subdivision (a).* 1. Compare former Equity Rules 12 (Issue of Subpoena—Time for Answer) and 31 (Reply—When Required—When Cause at Issue); 4 Mont. Rev. Codes Ann. (1935) §§ 9107, 9158; N. Y. C. P. A. (1937) § 263; N. Y. R. C. P. (1937) Rules 109—111.

2. U. S. C., Title 28, former § 763 (now § 507) (Petition in action against United States; service; appearance by district attorney) provides that the United States as a defendant shall have 60 days within which to answer or otherwise defend. This and other statutes which provide 60 days for the United States or an officer or agency thereof to answer or otherwise defend are continued by this rule. Insofar as any statutes not excepted in Rule 81 provide a different time for a defendant to defend, such statutes are modified. See U. S. C., Title 28, former § 45 (District courts; practice and procedure in certain cases under the interstate commerce laws) (30 days).

3. Compare the last sentence of former Equity Rule 29 (Defenses—How Presented) and N. Y. C. P. A. (1937) § 283. See Rule 15 (a) for time within which to plead to an amended pleading.

*Note to Subdivisions (b) and (d).* 1. See generally former Equity Rules 29 (Defenses—How Presented), 33 (Testing Sufficiency of Defense), 43 (Defect of Parties—Resisting Objection), and 44 (Defect of Parties—Tardy Objection); N. Y. C. P. A. (1937) §§ 277—280; N. Y. R. C. P. (1937) Rules 106—112; English Rules Under the Judicature Act (The Annual Practice, 1937) O. 25, r. r. 1—4; Clark, *Code Pleading* (1928) pp. 371—381.

2. For provisions authorizing defenses to be made in the answer or reply see English Rules Under the Judicature Act (The Annual Practice, 1937) O. 25, r. r. 1—4; 1 Miss. Code Ann. (1930) §§ 378, 379. Compare former Equity Rule 29 (Defenses—How Presented); U. S. C., Title 28, former § 45 (District Courts; practice and procedure in certain cases under the interstate commerce laws). U. S. C., Title 28, former § 45, substantially continued by this rule, provides: "No replication need be filed to the answer, and objections to the sufficiency of the petition or answer as not setting forth a cause of action or defense must be taken at the final hearing or by motion to dismiss the petition based on said grounds, which motion may be made at any time before answer is filed." Compare Calif. Code Civ. Proc. (Deering, 1937) § 433; 4 Nev. Comp. Laws (Hillyer, 1929) § 8600. For provisions that the defendant may demur and answer at the same time, see Calif. Code Civ. Proc. (Deering, 1937) § 431; 4 Nev. Comp. Laws (Hillyer, 1929) § 8598.

3. Former Equity Rule 29 (Defenses—How Presented) abolished demurrers and provided that defenses in point of law arising on the face of the bill should be made by motion to dismiss or in the answer, with further provision that every such point of law going to the whole or material part of the cause or causes stated might be called up and disposed of before final hearing "at the discretion of the court." Likewise many state practices have abolished the demurrer, or retain it only to attack substantial and not formal defects. See 6 Tenn. Code Ann. (Williams, 1934) § 8784; Ala. Code Ann. (Michie, 1928) § 9479; 2 Mass. Gen. Laws (Ter. Ed., 1932) ch. 231, §§ 15—18; Kansas Gen. Stat. Ann. (1935) §§ 60—705, 60—706.

*Note to Subdivision (c).* Compare former Equity Rule 33 (Testing Sufficiency of Defense); N. Y. R. C. P. (1937) Rules 111 and 112.

*Note to Subdivisions (e) and (f).* Compare former Equity Rules 20 (Further and Particular Statement in Pleading May Be Required) and 21 (Scandal and Impertinence); English Rules Under the Judicature Act (The Annual Practice, 1937) O. 19, r. r. 7, 7a, 7b, 8; 4 Mont. Rev. Codes Ann. (1935) §§ 9166, 9167; N. Y. C. P. A. (1937) § 247; N. Y. R. C. P. (1937) Rules 103, 115, 116, 117; Wyo. Rev. Stat. Ann. (Courtright, 1931) §§ 89–1033, 89–1034.

*Note to Subdivision (g).* Compare Rules of the District Court of the United States for the District of Columbia (1937), Equity Rule 11; N. M. Rules of Pleading, Practice and Procedure, 38 N. M. Rep. vii [105–408] (1934); Wash. Gen. Rules of the Superior Courts. 1 Wash. Rev. Stat. Ann. (Remington, 1932) p. 160, Rule VI (e) and (f).

*Note to Subdivision (h).* Compare Calif. Code Civ. Proc. (Deering, 1937) § 434; 2 Minn. Stat. (Mason, 1927) § 9252; N. Y. C. P. A. (1937) §§ 278 and 279; Wash. Gen. Rules of the Superior Courts, 1 Wash. Rev. Stat. Ann. (Remington, 1932) p. 160, Rule VI (e). This rule continues U. S. C., Title 28, former § 80 (Dismissal or remand) (of action over which district court lacks jurisdiction), while U. S. C., Title 28, former § 399 (Amendments to show diverse citizenship) is continued by Rule 15.

NOTES OF ADVISORY COMMITTEE ON AMENDMENTS TO RULES

*Note. Subdivision (a).* Various minor alterations in language have been made to improve the statement of the rule. All references to bills of particulars have been stricken in accordance with changes made in subdivision (e).

*Subdivision (b).* The addition of defense (7), "failure to join an indispensable party", cures an omission in the rules, which are silent as to the mode of raising such failure. See Commentary, Manner of Raising Objection of Non-Joinder of Indispensable Party, 1940, 2 Fed. Rules Serv. 658 and, 1942, 5 Fed. Rules Serv. 820. In one case, *United States v. Metropolitan Life Ins. Co.,* E. D. Pa. 1941, 36 F. Supp. 399, the failure to join an indispensable party was raised under Rule 12 (c).

Rule 12 (b) (6), permitting a motion to dismiss for failure of the complaint to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action. Some courts have held that as the rule by its terms refers to statements in the complaint, extraneous matter on affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it. On the other hand, in many cases the district courts have permitted the introduction of such material. When these cases have reached circuit courts of appeals in situations where the extraneous material so received shows that there is no genuine issue as to any material question of fact and that on the undisputed facts as disclosed by the affidavits or depositions, one party or the other is entitled to judgment as a matter of law, the circuit courts, properly enough, have been reluctant to dispose of the case merely on the face of the pleading, and in the interest of prompt disposition of the action have made a final disposition of it. In dealing with such situations the Second Circuit has made the sound suggestion that whatever its label or original basis, the motion may be treated as a motion for summary judgment and disposed of as such. *Samara v. United States,* C. C. A. 2d, 1942, 129 F. 2d 594, cert. den., 1942, 317 U. S. 686, 63 S. Ct. 258; *Boro Hall Corp. v. General Motors Corp.,* C. C. A. 2d, 1942, 124 F. 2d 822, cert. den., 1943, 317 U. S. 695, 63 S. Ct. 438. See also *Kithcart v. Metropolitan Life Ins. Co.,* C. C. A. 8th, 1945, 150 F. 2d 997, aff'g 62 F. Supp. 93.

It has also been suggested that this practice could be justified on the ground that the federal rules permit "speaking" motions. The Committee entertains the view that on motion under Rule 12 (b) (6) to dismiss for failure of the complaint to state a good claim, the trial court should have authority to permit the introduction of extraneous matter, such as may be offered on a motion for summary judgment, and if it does not exclude such matter the motion should then be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in Rule 56 relating to summary judg-

ments, and, of course, in such a situation, when the case reaches the circuit court of appeals, that court should treat the motion in the same way. The Committee believes that such practice, however, should be tied to the summary judgment rule. The term "speaking motion" is not mentioned in the rules, and if there is such a thing its limitations are undefined. Where extraneous matter is received, by tying further proceedings to the summary judgment rule the courts have a definite basis in the rules for disposing of the motion.

The Committee emphasizes particularly the fact that the summary judgment rule does not permit a case to be disposed of by judgment on the merits on affidavits, which disclose a conflict on a material issue of fact, and unless this practice is tied to the summary judgment rule, the extent to which a court, on the introduction of such extraneous matter, may resolve questions of fact, on conflicting proof would be left uncertain.

The decisions dealing with this general situation may be generally grouped as follows: (1) cases dealing with the use of affidavits and other extraneous material on motions; (2) cases reversing judgments to prevent final determination on mere pleading allegations alone.

Under group (1) are: *Boro Hall Corp. v. General Motors Corp.,* C. C. A. 2d, 1942, 124 F. 2d 822, cert. den., 1943, 317 U. S. 695, 63 S. Ct. 436; *Gallup v. Caldwell,* C. C. A. 3d, 1941, 120 F. 2d 90; *Central Mexico Light & Power Co. v. Munch,* C. C. A. 2d, 1940, 116 F. 2d 85; *National Labor Relations Board v. Montgomery Ward & Co.,* App. D. C. 1944, 79 U. S. App. D. C. 200, 144 F. 2d 528, cert. den., 1944, 65 S. Ct. 134; *Urquhart v. American-La France Foamite Corp.,* App. D. C. 1944, 79 U. S. App. D. C. 219, 144 F. 2d 542; *Samara v. United States,* C. C. A. 2d, 1942, 129 F. 2d 594; *Cohen v. American Window Glass Co.,* C. C. A. 2d, 1942, 126 F. 2d 111; *Sperry Products Inc. v. Association of American Railroads,* C. C. A. 2d, 1942, 132 F. 2d 408; *Joint Council Dining Car Employees Local 370 v. Delaware, Lackawanna and Western R. Co.,* C. C. A. 2d, 1946, 157 F. 2d 417; *Weeks v. Bareco Oil Co.,* C. C. A. 7th, 1941, 125 F. 2d 84; *Carroll v. Morrison Hotel Corp.,* C. C. A. 7th, 1945, 149 F. 2d 404; *Victory v. Manning,* C. C. A. 3rd, 1942, 128 F. 2d 415; *Locals No. 1470, No. 1469, and 1512 of International Longshoremen's Association v. Southern Pacific Co.,* C. C. A. 5th, 1942, 131 F. 2d 605; *Lucking v. Delano,* C. C. A. 6th, 1942, 129 F. 2d 283; *San Francisco Lodge No. 68 of International Association of Machinists v. Forrestal,* N. D. Cal. 1944, 58 F. Supp. 466; *Benson v. Export Equipment Corp.,* N. Mex. 1945, 164 P. 2d 380, construing New Mexico rule identical with Rule 12 (b) (6); *F. E. Myers & Bros. Co. v. Gould Pumps, Inc.,* W. D. N. Y. 1946, 9 Fed. Rules Serv. 12b, 33 Case 2, 5 F. R. D. 132. Cf. *Kohler v. Jacobs,* C. C. A. 5th, 1943; 138 F. 2d 440; *Cohen v. United States,* C. C. A. 8th, 1942, 129 F. 2d 733.

Under group (2) are: *Sparks v. England,* C. C. A. 8th, 1940, 113 F. 2d 579; *Continental Collieries, Inc. v. Shober,* C. C. A. 3d, 1942, 130 F. 2d 631; *Downey v. Palmer,* C. C. A. 2d 1940, 114 F. 2d 116; *DeLoach v. Crowley's Inc.,* C. C. A. 5th, 1942, 128 F. 2d 378; *Leimer v. State Mutual Life Assurance Co. of Worcester, Mass.,* C. C. A. 8th, 1940, 103 F. 2d 302; *Rossiter v. Vogel,* C. C. A. 2d, 1943, 134 F. 2d 908, compare s. c., C. C. A. 2d, 1945, 148 F. 2d 292; *Karl Kiefer Machine Co. v. United States Bottlers Machinery Co.,* C. C. A. 7th, 1940, 113 F. 2d 356; *Chicago Metallic Mfg. Co. v. Edward Katzinger Co.,* C. C. A. 7th, 1941, 123 F. 2d 518; *Louisiana Farmers' Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, Inc.,* C. C. A. 8th, 1942, 131 F. 2d 419; *Publicity Bldg. Realty Corp. v. Hannegan,* C. C. A. 8th, 1943, 139 F. 2d 583; *Dioguardi v. Durning,* C. C. A. 2d, 1944, 139 F. 2d 774; *Package Closure Corp. v. Sealright Co., Inc.,* C. C. A. 2d, 1944, 141 F. 2d 972; *Tahir Erk v. Glenn L. Martin Co.,* C. C. A. 4th, 1941, 116 F. 2d 865; *Bell v. Preferred Life Assurance Society of Montgomery, Ala.,* 1943, 320 U. S. 238, 64 S. Ct. 5.

The addition at the end of subdivision (b) makes it clear that on a motion under Rule 12 (b) (6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. It will also be observed that if a motion under Rule 12 (b) (6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to

Rule 12              TITLE 28.—JUDICIARY AND JUDICIAL PROCEDURE, APPENDIX              Page 5140

avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment. In this manner and to this extent the amendment regularizes the practice above described. As the courts are already dealing with cases in this way, the effect of this amendment is really only to define the practice carefully and apply the requirements of the summary judgment rule in the disposition of the motion.

*Subdivision* (*c*). The sentence appended to subdivision (c) performs the same function and is grounded on the same reasons as the corresponding sentence added in subdivision (b).

*Subdivision* (*d*). The change here was made necessary because of the addition of defense (7) in subdivision (b).

*Subdivision* (*e*). References in this subdivision to a bill of particulars have been deleted, and the motion provided for is confined to one for a more definite statement, to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose. *Slusher* v. *Jones*, E. D. Ky. 1943. 7 Fed. Rules Serv. 12e.231. Case 5, 3 F. R. D. 168; *Best Foods, Inc.* v. *General Mills, Inc.*, D. Del. 1943, 7 Fed. Rules Serv. 12e.231, Case 7, 3 F. R. D. 275; *Braden* v. *Callaway*, E. D. Tenn. 1943, 8 Fed. Rules Serv. 12e.231, Case 1 (". . . most courts . . . conclude that the definiteness required is only such as will be sufficient for the party to prepare responsive pleadings"). Accordingly, the reference to the 20 day limit has also been eliminated, since the purpose of this present provision is to state a time period where the motion for a bill is made for the purpose of preparing for trial.

Rule 12 (e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and has been much criticized by commentators, judges and members of the bar. See general discussion and cases cited in 1 Moore's Federal Practice, 1938, Cum. Supplement, § 12.07, under "Page 657"; also, Holtzoff, New Federal Procedure and the Courts, 1940, 35—41. And compare vote of Second Circuit Conference of Circuit and District Judges, June 1940, recommending the abolition of the bill of particulars; *Sun Valley Mfg. Co.* v. *Mylish*, E. D. Pa. 1944, 8 Fed. Rules Serv. 12e.231, Case 6 ("Our experience . . . has demonstrated not only that 'the office of the bill of particulars is fast becoming obsolete' . . . but that in view of the adequate discovery procedure available under the Rules, motions for bills of particulars should be abolished altogether."); *Walling* v. *American Steamship Co.*, W. D. N. Y. 1945, 4 F. R. D. 355, 8 Fed. Rules Serv. 12e.244, Case 8 (". . . the adoption of the rule was ill advised. It has led to confusion, duplication and delay.") The tendency of some courts freely to grant extended bills of particulars has served to neutralize any helpful benefits derived from Rule 8, and has overlooked the intended use of the rules on depositions and discovery. The words "or to prepare for trial"—eliminated by the proposed amendment—have sometimes been seized upon as grounds for compulsory statement in the opposing pleading of all the details which the movant would have to meet at the trial. On the other hand, many courts have in effect read these words out of the rule. See *Walling* v. *Alabama Pipe Co.*, W. D. Mo. 1942, 3 F. R. D. 159, 6 Fed. Rules Serv. 12e.244, Case 7; *Fleming* v. *Mason & Dixon Lines, Inc.*, E. D. Tenn. 1941, 42 F. Supp. 230; *Kellogg Co.* v. *National Biscuit Co.*, D. N. J. 1941, 38 F. Supp. 643; *Brown* v. *H. L. Green Co.*, S. D. N. Y. 1943, 7 Fed. Rules Serv. 12e.231, Case 6; *Pedersen* v. *Standard Accident Ins. Co.*, W. D. Mo. 1945, 8 Fed. Rules Serv. 12e.231, Case 8; *Bowles* v. *Ohse*, D. Neb. 1945, 4 F. R. D. 403, 9 Fed. Rules Serv. 12e.231, Case 1; *Klages* v. *Cohen*, E. D. N. Y. 1945, 9 Fed. Rules Serv. 8a.25, Case 4; *Bowles* v. *Lawrence*, D. Mass. 1945, 8 Fed. Rules Serv. 12e.231, Case 19; *McKinney Tool & Mfg. Co.* v. *Hoyt*, N. D. Ohio 1945, 9 Fed. Rules Serv. 12e.235, Case 1; *Bowles* v. *Jack*, D. Minn. 1945, 5 F. R. D. 1, 9 Fed. Rules Serv. 12e.244, Case 9. And it has been urged from the bench that the phrase be stricken. *Poole* v. *White*, N. D. W. Va. 1941. 5 Fed. Rules Serv. 12e.231, Case 4, 2 F. R. D. 40. See also *Bowles* v. *Gabel*, W. D. Mo. 1946, 9 Fed. Rules Serv. 12e.244, Case 10 ("The courts have never favored that portion of the rules which undertook to justify a motion of this kind for the purpose of aiding counsel in preparing his case for trial.").

*Subdivision* (*f*). This amendment affords a specific method of raising the insufficiency of a defense, a matter which has troubled some courts, although attack has been permitted in one way or another. See *Dysart* v. *Remington-Rand, Inc.*, D. Conn. 1939, 31 F. Supp. 296; *Eastman Kodak Co.* v. *McAuley*, S. D. N. Y. 1941, 4 Fed. Rules Serv. 12f.21, Case 8, 2 F. R. D. 21; *Schenley Distillers Corp.* v. *Renken*, E. D. S. C. 1940, 34 F. Supp. 678; *Yale Transport Corp.* v. *Yellow Truck & Coach Mfg. Co.*, S. D. N. Y. 1944, 3 F. R. D. 440; *United States* v. *Turner Milk Co.*, N. D. Ill. 1941, 4 Fed. Rules Serv. 12b.51, Case 3, 1 F. R. D. 643; *Teiger* v. *Stephan Oderwald, Inc.*, S. D. N. Y. 1940, 31 F. Supp. 626; *Teplitsky* v. *Pennsylvania R. Co.*, N. D. Ill. 1941, 38 F. Supp. 535; *Gallagher* v. *Carroll*, E. D. N. Y. 1939, 27 F. Supp. 568; *United States* v. *Palmer*, S. D. N. Y. 1939, 28 F. Supp. 936. And see *Indemnity Ins. Co. of North America* v. *Pan American Airways, Inc.*, S. D. N. Y. 1944, 58 F. Supp. 338; Commentary, Modes of Attacking Insufficient Defenses in the Answer, 1939, 1 Fed. Rules Serv. 669, 1940, 2 Fed. Rules Serv. 640.

*Subdivision* (*g*). The change in title conforms with the companion provision in subdivision (h).

The alteration of the "except" clause requires that other than provided in subdivision (h) a party who resorts to a motion to raise defenses specified in the rule, must include in one motion all that are then available to him. Under the original rule defenses which could be raised by motion were divided into two groups which could be the subjects of two successive motions.

*Subdivision* (*h*). The addition of the phrase relating to indispensable parties is one of necessity.

### EFFECTIVE DATE OF AMENDMENT

Effective date of amendment to this rule, see rule 86 (b).

### CROSS REFERENCES

Demurrers abolished, see rule 7 (c).
Dismissal of actions—
    Claims of opposing party, judgment on counterclaim or cross-claim, see rule 13 (i).
    Class actions, see rule 23 (c).
    Costs of previously-dismissed action, see rule 41 (d).
    Depositions, right to use depositions in former action, see rule 26 (d).
    Failure to serve answers to interrogatories, see rule 37 (d).
    Findings of fact and conclusions of law, necessity, see rule 52 (a).
    Voluntary and involuntary dismissal, see rule 41.
District courts—
    Jurisdiction, see chapter 85 of this title.
    Trials, hearings, and orders in chambers, see rule 77 (b).
    Venue, see chapter 87 of this title.
Evidence on motions, see rule 43 (e).
Findings of fact and conclusions of law unnecessary, see rule 52 (a).
Indication of simplicity and brevity of statement, see rule 84.
Judgment, definition of, see rule 54 (c).
Motions—
    Adoption of statement by reference, see rule 10 (c).
    Courts always open for making, see section 452 of this title.
    Evidence on, see rule 43 (e).
    Extension of time, see rule 6 (b).
    Form of, see rule 7 (b).
    Motion day and oral hearings, see rule 78.
    Technical forms not required, see rule 8 (e) (1).
    Time for motions generally, see rule 6 (d).
Parties—
    Necessary joinder, see rule 19.
    Third-party defendant, defenses to third-party plaintiff and plaintiff's claims, see rule 14 (a).
Pleadings—
    Affirmative defenses, see rule 8 (c).
    Form of, see rule 10.
    Pleadings allowed, see rule 7 (a).
    Striking for failure to serve answer to interrogatory, see rule 37 (d).
Waiver, objections to venue, see section 1406 of this title.

FEDERAL RULE OF CRIMINAL PROCEDURE

Bill of particulars, see rule 7 (f), Title 18, Appendix, Crimes and Criminal Procedure.

Demurrers as abolished, see rule 12 (a).

Motion raising defenses and objections, see rule 12 (b) and note of Advisory Committee under the rule.

FORMS

Answer presenting defenses under subd. (b) of this rule, see form 20, Appendix of Forms.

Motion to dismiss, presenting defenses of failure to state a claim, of lack of service of process, of improper venue, and of lack of jurisdiction under subd. (b) of this rule, see form 19.

## RULE 13.—COUNTERCLAIM AND CROSS-CLAIM

**(a) Compulsory counterclaims.**

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action.

**(b) Permissive counterclaims.**

A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

**(c) Counterclaim exceeding opposing claim.**

A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.

**(d) Counterclaim against the United States.**

These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof.

**(e) Counterclaim maturing or acquired after pleading.**

A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.

**(f) Omitted counterclaim.**

When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

**(g) Cross-claim against co-party.**

A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

**(h) Additional parties may be brought in.**

When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action.

**(i) Separate trials; separate judgments.**

If the court orders separate trials as provided in Rule 42 (b), judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54 (b) when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of. As amended Dec. 27, 1946, effective March 19, 1948.

NOTES OF ADVISORY COMMITTEE ON RULES

1. This is substantially former Equity Rule 30 (Answer—Contents—Counterclaim), broadened to include legal as well as equitable counterclaims.

2. Compare the English practice, English Rules Under the Judicature Act (The Annual Practice, 1937) O. 19, r. r. 2 and 3, and O. 21, r. r. 10—17; *Beddall* v. *Maitland*, L. R. 17 Ch. Div. 174, 181, 182 (1881).

3. Certain States have also adopted almost unrestricted provisions concerning both the subject matter of and the parties to a counterclaim. This seems to be the modern tendency. Ark. Civ. Code (Crawford, 1934) §§ 117 (as amended) and 118; N. J. Comp. Stat. (2 Cum. Supp. 1911–1924), N. Y. C. P. A. (1937) §§ 262, 266, 267 (all as amended, Laws of 1936, ch. 324), 268, 269, and 271; Wis. Stat. (1935) § 263.14 (1) (c).

4. Most codes do not expressly provide for a counterclaim in the reply. Clark, *Code Pleading* (1928), p. 486. Ky. Codes (Carroll, 1932) Civ. Pract. § 98 does provide, however, for such counterclaim.

5. The provisions of this rule respecting counterclaims are subject to Rule 82 (Jurisdiction and Venue Unaffected). For a discussion of Federal jurisdiction and venue in regard to counterclaims and cross-claims, see Shulman and Jaegerman, *Some Jurisdictional Limitations in Federal Procedure* (1936), 45 Yale L. J. 393, 410 et seq.

6. This rule does not affect such statutes of the United States as U. S. C., Title 28, former § 41 (1) (now §§ 1332, 1345, 1359) (United States as plaintiff; civil suits at common law and in equity), relating to assigned claims in actions based on diversity of citizenship.

7. If the action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred. See *American Mills Co.* v. *American Surety Co.*, 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306 (1922); *Marconi Wireless Telegraph Co.* v. *National Electric Signalling Co.*, 206 Fed. 295 (E. D. N. Y., 1913); Hopkins, *Federal Equity Rules* (8th ed., 1933), p. 213; Simkins, *Federal Practice* (1934), p. 663.

8. For allowance of credits against the United States see U. S. C., Title 26, § 3772 (a) (1) (2) (b) (Suits for refunds of internal revenue taxes—limitations); U. S. C., Title 28, former § 774 (now § 2406) (Suits by United States against individuals; credits), former § 775 (Suits under postal laws; credits); U. S. C., Title 31, § 227 (Offsets against judgments and claims against United States).

NOTES OF ADVISORY COMMITTEE ON AMENDMENTS TO RULES

*Note. Subdivision (a).* The use of the word "filing" was inadvertent. The word "serving" conforms with subdivision (e) and with usage generally throughout the rules.

The removal of the phrase "not the subject of a pending action" and the addition of the new clause at the end of the subdivision is designed to eliminate the ambiguity noted in *Prudential Insurance Co. of America* v. *Saxe*, App. D. C. 1943, 77 U. S. App. D. C. 144, 134 F. 2d 16, 33–34, cert. den., 1943, 319 U. S. 745, 63 S. Ct. 1033. The rewording of the subdivision in this respect insures against an undesirable possibility presented under the original rule whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the federal action but before serving his pleading in the federal action.