IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., <br><br>     *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.; AVNET, INC., <br><br>     *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 2:25-CV-00748-JRG <br> (Lead Case) |
| NETLIST, INC., <br><br>     *Plaintiff*, <br><br> v. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC; AVNET, INC., <br><br>     *Defendants.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:25-CV-00749-JRG <br> (Member Case) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Netlist's First Amended Complaint for Improper Venue (the "Second Motion to Dismiss for Lack of Venue") filed by Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC (together, "Micron"). (Dkt. No. 65.)

## I.    BACKGROUND

Plaintiff Netlist, Inc. ("Plaintiff," or "Netlist") filed the instant case against Micron and Avnet, Inc. ("Avnet") on July 28, 2025. (Case No. 2:25-cv-00749-JRG.) That action was consolidated into the above-captioned case on October 29, 2025. (Dkt. No. 14.)[1]

### A.  The 557 Case

Netlist previously filed suit against Micron on May 19, 2025. (Case No. 2:25-cv-00558-JRG, Dkt. No. 1.) That previous case was consolidated into Lead Case No. 2:25-cv-00557-JRG (the "557 Case") on June 27, 2025. (Case No. 2:25-cv-00557-JRG, Dkt. No. 10.) In the 557 Case, Micron moved to dismiss the case for improper venue on July 22, 2025. (Case No. 2:25-cv-00557-JRG, Dkt. No. 28.) The Court found that Netlist had not met its burden to establish that venue is proper over Micon in EDTX, granted Micron's motion, but transferred the Member Case to the District of Delaware on March 6, 2026. (Case No. 2:25-cv-00557-JRG, Dkt. No. 165.)

### B.  Micron's Prior Motion to Dismiss in the Instant Case

Micron first moved to dismiss the above-captioned case for improper venue on August 21, 2025 (the "First Motion to Dismiss for Lack of Venue"). (Case No. 2:25-cv-00749-JRG, Dkt. No. 17.) Netlist and Micron jointly moved to stay the briefing schedule for the First Motion to Dismiss for Lack of Venue, stating that they had "agreed that this Court's determination on Micron's motion to dismiss in [the 557 Case] will control the issues raised by Micron in its motion to dismiss in this case as well." (Case No. 2:25-cv-00749-JRG, Dkt. No. 20.) The Court granted the parties' motion to stay the briefing schedule for the First Motion to Dismiss for Lack of Venue, citing specifically to this agreement between the parties that the resolution of the venue issue in the 557

---

[1] The Lead Case, No. 2:25-cv-00748, was stayed by agreement of the parties on March 6, 2026. (Dkt. No. 97.) That stay does not impact Member Case No. 2:25-cv-00749 between Netlist and Micon/Avnet. Accordingly, the issues addressed by the Court remain live.

Case would be dispositive for venue in the above-captioned case as well. (Case No. 2:25-cv-00749-JRG, Dkt. No. 21.)

Netlist then filed its First Amended Complaint ("FAC") against Micron and Avnet on January 4, 2026. (Dkt. No. 49.) In light of Netlist's FAC, the Court denied the First Motion to Dismiss for Lack of Venue as moot. (Case No. 2:25-cv-00749-JRG, Dkt. No. 27.)[2]

### C. Live Motions to Dismiss

On January 26, 2026, Micron filed two motions to dismiss. At 8:15 p.m. CDT, Micron filed the Motion to Dismiss Netlist's First Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "12(b)(1) and 12(b)(6) Motion"). (Dkt. No. 64.) At 9:13 p.m. CDT, Micron filed the Second Motion to Dismiss for Lack of Venue. (Dkt. No. 65.) After filing these motions, Micron proposed to Netlist that the parties again stipulate to stay the briefing schedule pending resolution of the venue dispute in the 557 Case. (Dkt. No. 90 at 4.) This time, Netlist declined to agree to a stay of the briefing schedule despite the previous agreement from the parties that the resolution of the dispute in the 557 Case would control in this case as well. (*Id.*)

Netlist's opposition to the Second Motion to Dismiss is identical to its briefing regarding the venue dispute in the 557 Case, except that the response to the Second Motion to Dismiss includes an assertion that "Micron has forfeited its venue challenge in this case." (Dkt. No. 84; *compare with* Case. No. 2:25-cv-00557-JRG, Dkt. No. 155.) In light of Netlist's forfeiture argument, Micron then filed the Opposed Conditional Motion to Consolidate its Motions to Dismiss (the "Motion to Consolidate") on March 3, 2026 (Dkt. No. 90), which Netlist opposes (Dkt. No. 102).

---

[2] However, the Court notes that the venue allegations in the FAC are identical to those in Netlist's initial Complaint. (*Compare* Case No. 2:25-cv-00749-JRG, Dkt. No. 1 at ¶¶ 5-7, 16 *with* Dkt. No. 49 at ¶¶ 5-7, 16.)

## II.   ANALYSIS

Despite extensive motion practice from the parties on this issue, the Court finds that their agreement "that this Court's determination on Micron's motion to dismiss in [the 557 Case] will control the issues raised by Micron in its motion to dismiss in this case as well" (Case No. 2:25-cv-00749-JRG, Dkt. No. 20) is binding and dispositive. Accordingly, for the same reasons enumerated in the Court's Order in the 557 Case (*see* Case No. 2:25-cv-00557-JRG, Dkt. No. 165), the Court finds that Netlist has failed to establish that venue is proper over Micron in this District, and that the interest of justice favors transfer to the District of Delaware.

## III.   CONCLUSION

For the reasons stated herein, the above-captioned Member Case No. 2:25-cv-00749-JRG is **TRANSFERRED** to the District of Delaware. To facilitate transfer, this Member Case and Lead Case No. 2:25-cv-00748-JRG are deconsolidated. The Clerk is **ORDERED** to transfer Member Case No. 2:25-cv-00749-JRG as set forth above, *instanter*.

**So ORDERED and SIGNED this 1st day of April, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

4